Council, before you start, I want to make sure that I'm clear. Are there more than one of you presenting oral argument today? We both are, Your Honor. We've agreed that I would take eight of our 15 minutes and my co-counsel would have seven. Of my eight, I'd like to reserve two minutes for rebuttal. May it please the Court. My name is Michael Gertzman. I am counsel for the appellant, Mr. Charles McCall. The government tried this case as a group, multi-person conspiracy case. It told the jury in its opening statement that the defendants didn't do it themselves alone. In summation, it told the jury that the defendants were part of a scheme with others and that's why they were guilty. So by acquitting the defendants on the conspiracy count, the jury necessarily decided that the defendants were not part of that scheme. They were not participants in that scheme. On the facts of this case, given the theory of the government's case and the way the case was tried and the proof the government offered, it's impossible reasonably to reconcile the conspiracy acquittal with the defendants' guilt on the substantive counts. Does that also make it impossible to reconcile the jury's verdict that it would acquit on the one and then not acquit on the others? Your Honor, it makes it impossible for the defendants to have been guilty, for the jury to have found the defendants guilty on the substantive counts, given the acquittal. If the question – Did you ask the district court to instruct the jury that if it found not guilty as to count one, that it should find not guilty as to the other counts? No, Your Honor. We did not ask the district court to do that, but I don't think that's a relevant consideration to the double jeopardy analysis. The analysis requires the court to review the record de novo to determine whether the facts as tried necessarily were determined in a way that would preclude the government from going forward on the substantive counts. Here, all of the evidence that the government offered to establish guilt on all the counts, conspiracy counts and the substantive counts alike, if accepted by the jury, would have led to the defendants' conviction on the conspiracy count. Counsel, I want to make sure I understand – I want to make sure that I understand your argument. As I understand it, you're not arguing, then, that the remaining – that the remaining counts, aside from count one, were totally inconsistent with – that is, that the jury couldn't have come back and found guilty on the conspiracy claim and other claims. What you're really claiming is that the government only offered proof as to count one at trial. No, no, Your Honor. What I'm saying is that the government offered proof on all of the counts that really was one and the same. That proof was that the defendants were part of a conspiracy. And by rejecting the notion that the defendants were in on this scheme, the jury necessarily – Yes, but we've – if that's your argument, we have long held that conspiracy is different from the substantive counts. Conspiracy is different from aiding and abetting. And you can be charged with both aiding and abetting and conspiracy. Absolutely. The government's presented evidence on all of those counts. Absolutely, Your Honor. And I think you have a very, very difficult argument to make. Well, Your Honor, I think it is certainly the case that there are many cases where an acquittal on the conspiracy count would not necessarily lead to double jeopardy, bar of retrial on the substantive counts. But the Supreme Court's decision in Silfon makes very clear that there is a category of cases where the acquittal on the conspiracy count necessarily determines in the defendant's favor facts that would preclude a retrial on the substantive counts. There are – there is such a category of cases, and there are many cases that come out our way, and they're cited in our briefs. No case is exactly alike, of course. That's why it's necessary to actually look closely at the record here. Here, the evidence that the government offered on all of the counts, if accepted by the jury, would have led the jury to convict the defendant on the conspiracy  count, but the jury decided the defendants were not part of the scheme. That's why they acquitted on conspiracy, and that's why the government can't retry the defendants on the substantive counts. Excuse me. Let me try to illustrate with some specifics from the trial. The government's theory was that, with respect to my client, Mr. McCall, that he knew of the conspiracy, that he knew there was fraudulent revenue. And they argued that he made statements in SEC filings and press releases announcing that fraudulent revenue. But if he knew, as the government claimed, that the revenue was fraudulent, and he made some act, took some act, such as issuing those false statements, he would have done everything he would have needed to do to be a member of this conspiracy. But the jury found he was not a member of the conspiracy. So on the unique facts of this case, it's not possible to reconcile the acquittal with guilt on the substantive count. The jury could have acquitted him on the conspiracy count if it had found that it could not agree on the object of the conspiracy. So even if you had 12 jurors that agreed that there had been a conspiracy as to some objects, but couldn't agree on a single object, then the jury would be required to acquit, wouldn't it? That's correct, Your Honor. And it's certainly possible to come up with hyper-technical explanations for the jury verdict. But what Ash requires is that we look at the record in a realistic and practical way.  And we do so in a way that we can convince the jury during deliberations to in any way suggest that what this case was decided upon was a disagreement about the object of the conspiracy. Even the district court found that the object of this conspiracy was to falsely inflate the revenues of the company. There was no dispute about that at trial. And I don't think it's reasonable to conclude on this record that that was the basis for the jury's verdict. You moved for a directed verdict, didn't you? We moved under Rule 29. Okay. And did you move on Rule 29 as to some of the counts but not others? Or did you move on all of them? Well, initially, Your Honor, we moved with respect to some counts under Rule 29, but we made very clear at oral argument that we were moving to dismiss all of the remaining counts, not just under Rule 29. And we were moving with respect to all the counts. And the district court accepted that. I'm sorry. I'm asking before this was submitted to the jury. You moved for a directed verdict. Correct, Your Honor. Did you move for a directed verdict on all counts? Yes, we did, Your Honor. So you didn't distinguish between the conspiracy claim and the other counts? Correct, Your Honor. And it wouldn't have made any sense to because the evidence was all one in the same and it was the very same theory of prosecution the government was offering. I don't want to eat into my co-defendant's time, although I have many more things to say, and I would like to reserve two minutes for rebuttal. Thank you. May it please the Court. My name is Daniel Cook and I'm here on behalf of Appellant Jay Lapine. The collateral estoppel issue here is does acquittal on the conspiracy count in this case bar retrial on the hung counts or bar use of a aiding and abetting theory if there is a retrial? The analytical rules are well established. It's a three-part test. There was only one element of that test in dispute. And that's something that the government agreed to in the court in its order. And that question is, did the jury necessarily decide any issue, fact, or element not just elements is the way the government arguments, in acquitting the defendants that are essential to prove any remaining count to be retried? The case law makes real clear what you look at to make that decision. You look at the charges in the indictment, the evidence, the argument of counsel and instructions. And Judge Bybee, partly in response to your question, you do not look to the hung counts or what the jury may or may not have done on them. It's the Romeo case in the Ninth Circuit. It expressly says you look to what you know the jury did do as opposed to trying to speculate about what they might have done on the hung counts. So the government's argument, in part relying upon analysis of the hung counts and the vote on those counts, is legally impermissible. The defendants, and by that I collectively don't make a distinction between either Mr. McCall or Mr. McPine, we contend that acquittal on the conspiracy count was necessarily based on the failure of the government to prove the defendants were And in this case, the way it's charged, the way it was defended, the way it was argued to the jury, the securities fraud scheme and the conspiracy count are one and the same. With one exception, conspiracy has an element of agreement that aiding and abetting does not. And I want to come back to that. In opposing the motion, the government conceded that what we said they necessarily found, that the defendants were not members of the conspiracy, was correct. In their opposition to our motions, which were Rule 29 and also became motions to dismiss by agreement all the parties and the judge at the hearing on the motions, the government conceded the only thing the jury could have found was the defendants were not members of the conspiracy. And I'd like to quote from the clerk's record at page 4, they cannot show that the jury necessarily based its decision on count one on anything other than the determination that defendants had not joined the conspiracy. Same document at page 7. Defendants cannot show that the jury determined anything other than the defendants did not join the conspiracy. Membership. At page 8 of that same opposition. The jury did no more than determine the defendants were not members of the conspiracy, which does not collaterally stop trial on the substantive counts. The United States acknowledges that on retrial it cannot rely on Pinkerton liability, which would require the government to prove the defendants were part of a conspiracy in order to find them guilty of a substantive count. See jury instruction 27 in Perens. Government must prove the co-conspirator was a member of the conspiracy charge in count one of the indictment. That's what the government said in the district court. What they say here is something different. They now contend the jury could have based that acquittal on two other grounds. One, the jury may have decided lack of sufficient proof of defendant's agreement to join the conspiracy since the defendants did not know of it and so they weren't members of it. Or that the jury failed to reach agreement on an object of a conspiratorial agreement. The government did not make either of those contentions in its opposition to our motion to dismiss. Since they did not, and they are now taking a diametrically and contradictory opposed position, they are judicially estopped from contending anything different than what they admitted to in the trial court. That's in our reply brief at page 10 to 12 for the McCall brief. Then what's left? What's left is the conclusion that's fully supported by the record, that Mr. Lapine and Mr. McCall were not knowing participants in the conspiracy. The broad allege was a collective agreement. Counsel, let me tell you what's troubling me at this point. I will speak for my colleagues. The arguments that you have made are arguments that were well directed to the district court. A district court that sat on this trial, that listened to all of the evidence, that issued the jury instructions. And the district court issued a very careful order, which I haven't heard either  Judge Jenkins went through this count by count and defendant by defendant. He went down to Mr. McCall, Mr. Lapine, and he said there was ample evidence, at that point I think he was referring to Mr. McCall on count two, to support this. And he listed the evidence that he thought was sufficient. Now, we've got a district judge who sat on all of this and went through all of this, and I haven't heard one word about why the district court was in error today. The district court was in error because he conflated, number one, first element, is there an agreement, which was not disputed by the parties, that there was a conspiracy? The question whether the defendants were a member of it. He conflated that with the issue of membership. He misstated our contention, saying we were contending that acquittal on the conspiracy necessarily meant you're acquitted because of the specific cyanar elements of the substantive charges, as opposed to the cyanar element of aiding and abetting. In this case, there is no evidence that what the defendants did individually was innately criminal. Signing a registration statement, signing a side letter, a backdated. It's not inherently criminal unless you're a member of the conspiracy, a member of the fraudulent scheme. Counsel, what the district court said in his order was that there was evidence that they had signed those registration statements knowing that they were false. And as to Mr. Lapline, the basis of that was Mr. Morris Nicholson, who said that Mr. Lapline knew of the criminal purpose of this scheme. If the jurors had believed that, they would have convicted him of conspiracy. Having acquitted him of that, the only necessary and logical conclusion is the jury did not believe Mr. Nicholson that Mr. Lapline had that requisite knowledge and intent. If the government had only charged Mr. Lapline with a substantive securities problem and not with conspiracy, would there have been sufficient evidence? If he knew, as the district court said, that there was evidence that he knew that the registration statement was false, wouldn't there be evidence to convict him on the substantive securities problem? No, because here's the problem, and it's the Van Brandy case in this Court. There is a different element for conspiracy agreement than aiding and abetting. However, the Cosgrove case and the other cases we cite say, depending on the particular facts, aiding and abetting liability may be precluded by being acquitted on the conspiracy. Van Brandy says, well, it depends if there's some lesser area of evidence that might prove aiding and abetting but not an agreement. In our case, the best proof that there is no difference between the two is the government's argument to the jury, where they just mentioned aiding and abetting in passing, spent all their time in argument on the conspiracy liability, and never came back to make the precise point that you're making. If they believed there was anything left after co-conspirator liability, you would have expected them to have gotten up and said to the jury in their argument, well, and if you don't believe this, there's a separate independent ground for liability. What Van Brandy says, unless you have that logical, based on the evidence in your case, it is barred by collateral estoppel. And that's the case as we've cited. Basically, to accept the government's position, it's a blockburger test, but that's not what collateral estoppel is. It's not a blockburger test. What it is is you have to decide what did the jury necessarily conclude. And what they necessarily concluded, they weren't knowing members of the conspiracy, which equaled the scheme. The way the government argued the scheme in the substantive accounts was after they concluded the conspiracy, they basically said, oh, and everything we said about that, it applies to the substantive counts, too. They never drew a distinction in that regard between the substantive counts and the conspiracy charge. So this is a case where the acquittal on the conspiracy swallows up whatever potential liability there is for aiding and abetting. MS. HARTLEY-WEST Good morning. Hartley-West for the United States. Your Honors, the district court got it right. Its order found properly that in acquitting the defendants on conspiracy, the jury did not necessarily decide any issue essential to convicting them on the hung substantive counts. The district court also got it right in finding that the government properly preserved its direct in aiding and abetting theories of liability and that these were not estopped. That nothing was necessarily decided is supported by the jury instructions. The defendants make much of the fact that the government said while the evidence was at issue whether the defendants became members of the conspiracy. And the jury instructions say that to convict on conspiracy, the jury must find the two undisputed elements of the existence of an unlawful agreement and an overt act having been performed. But the third element is that the defendant became a member of the conspiracy knowing of at least one of its objects and intending to help accomplish it. The jury instructions also advise the jury that there are a bunch of subparts to that element. One, the defendants had to enter into an agreement. They had to agree. They had to know of the conspiracy. They had to know of at least one of its objects with the jury all agreeing on which. And they had to willfully participate in the plan with the intent to further its object. Now, the jury could rationally have concluded that any one of these subparts was not met. And we submit that it makes the most sense to find that the jury did not, that the jury found the defendants simply did not have a meeting of the minds. They did not actually agree. And that was something that was argued strenuously by counsel for both defendants. Specifically, I would refer the Court to the opening and the closing arguments of Mr. McCall's counsel, for instance, where he said that Mr. McCall was not aware of the conspiracy. He did not agree. And both defense counsel said that they did not join the conspiracy. So the jury could well have decided that there simply was no agreement and that that part of the conspiracy test was not met. But it could also have found, as the defendants urged, that perhaps the defendants lacked intent despite there having been an abundance of evidence suggesting otherwise, as the district court found. Or it could have found something else. And that's the point. The jury did not necessarily decide anything. And the defendants had not carried their burden of showing otherwise. The government is also not stopped from relitigating on a direct or an aiding and abetting theory of liability. The district court properly found that. The indictment alleged it. The government argued it. The court instructed on it. The evidence supported it. And the defendants defended it on that basis as well. Now, the district court found that the defendants' participation in the conspiracy, quote, was neither the entirety of the evidence nor the whole of the government's theory of liability. The district court also found that there was sufficient evidence to support guilt on a direct liability theory as well as on an aiding and abetting liability theory. The indictment alleged, obviously, conspiracy in count one. And it also alleged not just as objects of the conspiracy, but as separate substantive counts, securities fraud, false SEC filings, falsifying books and records, and circumventing internal accounting controls. And it delineated the individual acts by each defendant, giving rise to liability on each basis. And, of course, it also alleged aiding and abetting. The government argued not only conspiracy theory, but also direct and aiding and abetting theories of liability. In fact, at GER 220-221, the government stated to the jury, you can have direct liability here, you can have aiding and abetting liability here, and you can have co-conspirator liability here. And at GER 176, the government said, quote, individually and together they committed securities fraud. And, in fact, in explaining to the jury how the aiding and abetting theory works, the government used as an example Mr. Lapine and talked about how he, he could be convicted of aiding and abetting securities fraud with reference to the UPMC transaction. So, as I already talked about, the court instructed on conspiracy and separate substantive count instructions and also on aiding and abetting. And the court, as the court found, the evidence supported liability on these other theories. And the defendants say in their briefs that they defended only on a conspiracy theory because that's what they thought the government was only pursuing. But the record shows otherwise, as we pointed out in our brief. And then as they concede in their reply, of course, they defended on all the theories, even though the government really was pursuing only conspiracy. The record shows that that simply is not true. If the court has no further questions, we'll submit on the brief. Okay.  If the court may indulge me just a moment. Mr. Gershman, you reserve two minutes and I will allow you the two minutes. Thank you, Your Honor. I appreciate that. I just have two points to make. And the first is to try to respond to Your Honor's question about the district court opinion. Yes, the district court opinion did find that there was ample evidence to support guilt on the substantive counts. But the flaw in the district court's opinion is that that's the wrong question. The motion below was not a sufficiency motion. The motion below was a double jeopardy, a collateral estoppel motion. So the question the court didn't answer, which is the question on this appeal, is whether that evidence, which would have supported liability on the substantive counts, also would have supported guilt on the conspiracy count. And our position is that it would have supported guilt on the conspiracy count, but the jury acquitted on the conspiracy count and so necessarily rejected that evidence. This trial was about whether the defendants in on it or were they not in on it. There was no way to be individually culpable in this, given the way the government tried the case. And the jury found the defendants were not in on it, and that disposes of the substantive counts. The second point I want to make is to just disagree with my opponent, my colleague here, that the government argued individual or aiding and abetting theories of liability to the jury. Those theories are certainly in the indictment and they were in the jury instructions. But I invite the Court to scour the record. There isn't a single place where the government argued to the jury that the defendants were guilty on an individual or an aiding and abetting theory. In fact, the government told the jury the exact opposite. The government told the jury in its opening that the defendants didn't do it themselves alone, and in summation repeatedly emphasized that the defendants pulled up a chair to the conspiracy table, that they were members of the – had a role and a scheme with others. So under Castillo-Bassa, the government can't, having lost on that theory, simply try again on a new theory. That would be improper under basic double jeopardy principles. Thank you, Your Honor. Thank you, counsel. I thank all counsel for the argument. That concludes the oral argument calendar. The Court stands adjourned.
judges: Goodwin, Beezer, Bybee